KAB

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Joseph Reid, | No. CV 13-8253-PCT-DGC (MHB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Scott Mascher, et al., | |
| Defendants. | |

On October 15, 2013, Plaintiff Nicholas Joseph Reid, who is confined in the Yavapai County Detention Center, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and a deficient Application to Proceed *In Forma Pauperis* (Doc. 2).  In a November 4, 2013 order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to file a complete Application to Proceed.  On November 18, 2013, Plaintiff filed a second deficient Application to Proceed (Doc. 5).  In a December 12, 2013 order, the Court denied the second deficient Application to Proceed and gave Plaintiff 30 days to file a complete Application to Proceed.  On December 31, 2013, Plaintiff filed a complete Application to Proceed (Doc. 7).  The Court will grant the Application to Proceed (Doc. 7) and dismiss the Complaint (Doc. 1) with leave to amend.

## I.    Application to Proceed *In Forma Pauperis* and Filing Fee

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be

JDDL-K

1    collected monthly in payments of 20% of the previous month's income each time the

2    amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

3    separate Order requiring the appropriate government agency to collect and forward the

4    fees according to the statutory formula.

5    **II.    Statutory Screening of Prisoner Complaints**

6          The Court is required to screen complaints brought by prisoners seeking relief

7    against a governmental entity or an officer or an employee of a governmental entity.  28

8    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

9    has raised claims that are legally frivolous or malicious, that fail to state a claim upon

10   which relief may be granted, or that seek monetary relief from a defendant who is

11   immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

12         A pleading must contain a "short and plain statement of the claim showing that the

13   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand

14   detailed factual allegations, "it demands more than an unadorned, the-defendant-

15   unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

16   omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere

17   conclusory statements, do not suffice."  *Id.* (citation omitted).

18         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

19   claim to relief that is plausible on its face.'"  *Id.* (citation omitted).  A claim is plausible

20   "when the plaintiff pleads factual content that allows the court to draw the reasonable

21   inference that the defendant is liable for the misconduct alleged."  *Id.* (citation omitted).

22   "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

23   specific task that requires the reviewing court to draw on its judicial experience and

24   common sense."  *Id.* at 679 (citation omitted).  Thus, although a plaintiff's specific

25   factual allegations may be consistent with a constitutional claim, a court must assess

26   whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

27         But as the United States Court of Appeals for the Ninth Circuit has instructed,

28   courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338,

JDDL-K

342 (9th Cir. 2010).   A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"   *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).   If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.   *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).   Here, Plaintiff fails to state a claim upon which relief can be granted in his Complaint, but it appears that the Complaint could be cured by allegations of other facts.   Accordingly, Plaintiff's Complaint will be dismissed without prejudice and Plaintiff will be given an opportunity to amend.

**III.   Complaint**

In his Complaint, Plaintiff alleges three counts against Sheriff Scott Mascher; the Wexford Health Director; Sasheen, a nurse at Yavapai County Detention Center; and the Yavapai Board of Supervisors.   Plaintiff alleges the following facts in all three counts: Plaintiff has multiple screws in his jaw from a surgery in January 2013.   Plaintiff was awaiting the necessary surgery to remove the screws when he was arrested.   Due to "jail policy," Plaintiff was unable to receive the surgery.   Plaintiff has been repeatedly denied access to a dentist or medical staff with the necessary expertise to evaluate Plaintiff's medical problem.

The screws in Plaintiff's mouth cause him severe pain and migraine headaches. The Wexford health doctor has informed Plaintiff that he will only be given Tylenol and Advil and those medications do not help.   Plaintiff has had two infections around the screws, which were treated with antibiotics.   Plaintiff currently has another infection and the tissue has created a painful abscess around the screw in his gums.   Plaintiff has filed multiple requests to medical, which have been ignored.   Plaintiff has also filed multiple grievances and was told that he will not receive treatment and continued complaints will result in disciplinary sanctions.   Jail policies are designed by County Attorney Sheila Polk and the Yavapai County Board of Supervisors and are ratified by Sheriff Mascher in order to gain a tactical advantage by hindering and discouraging Plaintiff from exercising

1   his rights during the "plea bargain" phase of his criminal case.  Plaintiff was subject to
2   pain for seven months and was unable to participate in his defense without being
3   punished, hindered, and discouraged with pain.

4       In Count One, Plaintiff alleges that he was denied medical care in violation of his
5   Eighth Amendment rights.   In Count Two, Plaintiff alleges that his Fourteenth
6   Amendment due process rights were violated.  In Count Three, Plaintiff alleges that his
7   Sixth Amendment right to participate in his defense was violated.   Plaintiff seeks
8   monetary damages and declaratory relief.

9   **IV.    Failure to State a Claim**

10      To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants
11  (2) under color of state law (3) deprived him of federal rights, privileges or immunities
12  and (4) caused him damage.  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th
13  Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d
14  1278, 1284 (9th Cir. 1994)).  In addition, a plaintiff must allege that he suffered a specific
15  injury as a result of the conduct of a particular defendant and he must allege an
16  affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode*,
17  423 U.S. 362, 371-72, 377 (1976).

18      **A.    The Yavapai County Board of Supervisors**

19      Plaintiff alleges that jail policies are designed by the Yavapai County Board of
20  Supervisors and County Attorney Sheila Polk.  Plaintiff asserts that he was denied
21  medical treatment "due to jail policy," but does not identify any specific policy that
22  prevented him from receiving medical treatment.  When individuals, such as members of
23  the Yavapai County Board of Supervisors, are sued in an official capacity, the real party
24  in interest is the entity of which the members are agents.  *Kentucky v. Graham*, 473 U.S.
25  159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55
26  (1978)).  In this case, that entity is Yavapai County.  The actions of individuals only
27  support municipal liability if a claimed injury resulted pursuant to an official policy,
28  practice, or custom of the municipality.  *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th

Cir. 2005) (citation omitted); *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) (citations omitted).  For that reason, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citation omitted).  Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. *Id.* (citation omitted); *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005) (citation omitted).

All of Plaintiff's allegations concern the Yavapai County Jail.  Official county policy may only be set by an official with "final policymaking authority." *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) (plurality opinion)).  To identify those officials with "final policymaking authority," the Court looks to state law. *Pembaur*, 475 U.S. at 483.

In Arizona, the responsibility of operating jails is placed by law on the Sheriff, not on the county's board of supervisors.  *See* Ariz. Rev. Stat. Ann. § 11–441(A)(5); Ariz. Rev. Stat. Ann. § 31–101.  Therefore, the Yavapai County Board of Supervisors is not liable to Plaintiff under § 1983 because it lacks authority to establish an official policy with respect to the operation of the jail.  Plaintiff has included no factual allegations that show that the Yavapai County Board of Supervisors has acted in any way to set a policy for the jail that resulted in a violation of Plaintiff's rights.  Further, the Board cannot be held liable for the actions of the Sheriff or his deputies on a theory of respondeat superior.  *See Los Angeles Police Prot. League v. Gates*, 907 F.2d 879, 889 (9th Cir. 1990) (citation omitted).  Accordingly, the Yavapai County Board of Supervisors will be dismissed.

### B.  Sheriff Scott Mascher

Plaintiff fails to state a claim against Defendant Mascher.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that

JDDL-K

- 5 -

the official acted as a result of a policy, practice, or custom. *See Cortez*, 294 F.3d at 1188 (citation omitted).  Further, there is no respondeat superior liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. *Monell*, 436 U.S. at 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

The only allegation against Defendant Mascher is that he ratified jail policies set by the County Attorney and the Board of Supervisors.  Plaintiff's allegation that he was denied medical treatment due to jail policy is vague and conclusory.  Plaintiff does not identify the jail policy under which he was denied medical treatment and does not allege any facts indicating that anyone was acting pursuant to a jail policy in denying Plaintiff medical treatment.  Moreover, Plaintiff does not allege that Defendant Mascher directly violated his constitutional rights.  Accordingly, Plaintiff fails to state a claim against Defendant Mascher and he will be dismissed.

### C.    Wexford Nurse Sasheen

Plaintiff fails to allege any facts regarding Defendant Sasheen in his Complaint.  Aside from naming Sasheen as a Defendant, Plaintiff does not mention Sasheen in his Complaint.  Accordingly, Plaintiff fails to state a claim against Defendant Sasheen and she will be dismissed.

### D.    Wexford Health Director

Plaintiff fails to allege any facts regarding Defendant Wexford Health Director in his Complaint.  Aside from naming the Wexford Health Director as a Defendant, Plaintiff does not mention the Wexford Health Director in his Complaint.  Accordingly, Plaintiff fails to state a claim against Defendant Wexford Health Director and the Wexford Health Director will be dismissed.

/ / /

**V.     Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

Further, if Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Moreover, in amending his Complaint, Plaintiff should be aware that a pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment.  *Bell v. Wolfish*, 441 U.S. 520, 535 and n.16 (1979).  Nevertheless, the same standards are applied, requiring proof that the

1  defendant acted with deliberate indifference.  *See Frost v. Agnos*, 152 F.3d 1124, 1128
2  (9th Cir. 1998).

3         Not every claim by a pre-trial detainee relating to inadequate medical treatment
4  states a violation of the Fourteenth Amendment.  To state a § 1983 medical claim, a
5  plaintiff must show that the defendants acted with "deliberate indifference to serious
6  medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v.*
7  *Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need"
8  by demonstrating that failure to treat the condition could result in further significant
9  injury or the unnecessary and wanton infliction of pain and (2) the defendant's response
10 was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (quotations omitted).

11        "Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d
12 1051, 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must
13 both know of and disregard an excessive risk to inmate health; "the official must both be
14 aware of facts from which the inference could be drawn that a substantial risk of serious
15 harm exists, and he must also draw the inference."  *Farmer v. Brennan*, 511 U.S. 825,
16 837 (1994).  Deliberate indifference in the medical context may be shown by a
17 purposeful act or failure to respond to a prisoner's pain or possible medical need and
18 harm caused by the indifference.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may
19 also be shown when a prison official intentionally denies, delays, or interferes with
20 medical treatment or by the way prison doctors respond to the prisoner's medical needs.
21 *Estelle*, 429 U.S. at 104-05; *Jett*, 439 F.3d at 1096.

22        Deliberate indifference is a higher standard than negligence or lack of ordinary
23 due care for the prisoner's safety.  *Farmer*, 511 U.S. at 835.  "Neither negligence nor
24 gross negligence will constitute deliberate indifference."  *Clement v. California Dep't of*
25 *Corrections*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter*
26 *Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
27 "medical malpractice" do not support a claim under § 1983).  "A difference of opinion
28 does not amount to deliberate indifference to [a plaintiff's] serious medical needs."

*Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).  A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference.  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  The indifference must be substantial.  The action must rise to a level of "unnecessary and wanton infliction of pain."  *Estelle*, 429 U.S. at 105.

Moreover, prisoners have a First Amendment right to file prison grievances, *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a grievance procedure," *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (citations omitted), and the failure to follow grievance procedures does not give rise to a due process claim.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citation omitted); *Flournoy v. Fairman*, 897 F.Supp. 350, 354 (N.D. Ill. 1995) (jail grievance procedures did not create a substantive right enforceable under § 1983); *Spencer v. Moore*, 638 F.Supp. 315, 316 (E.D. Mo. 1986) (violations of grievance system procedures do not deprive inmates of constitutional rights); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("[N]o constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration.").  A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest").  The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of*

1  *Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d

2  1310, 1314 (9th Cir. 1989).

3       Generally, a pretrial detainee's right of access to the courts for his criminal

4  prosecution is satisfied by the State's offer of a criminal defense attorney.[1]  *See, e.g.*,

5  *United States v. Robinson*, 913 F.2d 712 (9th Cir. 1990).  For a pretrial detainee to state a

6  claim that his right of access to the courts for his criminal prosecution was denied,

7  Plaintiff must allege facts demonstrating that he was deprived of any meaningful

8  opportunity to prepare his defense.  *See Taylor*, 880 F.2d at 1047.  .

9       A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*,

10  963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896

11  F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original

12  complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised

13  in the original complaint and that was voluntarily dismissed or was dismissed without

14  prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa*

15  *County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

16  **VI.  Warnings**

17      **A.  Release**

18       Plaintiff must pay the unpaid balance of the filing fee within 120 days of his

19  release.  Also, within 30 days of his release, he must either (1) notify the Court that he

20  intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to

21  comply may result in dismissal of this action.

22      **B.  Address Changes**

23       Plaintiff must file and serve a notice of a change of address in accordance with

24  Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion

25  for other relief with a notice of change of address.  Failure to comply may result in

26  _____

27      [1] To the extent Plaintiff argues that he is in so much pain that he is incompetent to

28  make decisions regarding his criminal case, Plaintiff should address that issue with the
court presiding over his criminal case.

JDDL-K

1    dismissal of this action.

2          **C.    Copies**

3          Plaintiff must submit an additional copy of every filing for use by the Court.  *See*

4    LRCiv 5.4.  Failure to comply may result in the filing being stricken without further

5    notice to Plaintiff.

6          **D.    Possible "Strike"**

7          Because the Complaint has been dismissed for failure to state a claim, if Plaintiff

8    fails to file an amended complaint correcting the deficiencies identified in this Order, the

9    dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

10   Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

11   judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

12   prior occasions, while incarcerated or detained in any facility, brought an action or appeal

13   in a court of the United States that was dismissed on the grounds that it is frivolous,

14   malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

15   is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

16         **E.    Possible Dismissal**

17         If Plaintiff fails to timely comply with every provision of this Order, including

18   these warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963

19   F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any

20   order of the Court).

21   **IT IS ORDERED:**

22         (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 7) is **granted**.

23         (2)    As required by the accompanying Order to the appropriate government

24   agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial

25   filing fee.

26         (3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff

27   has **30 days** from the date this Order is filed to file a first amended complaint in

28   compliance with this Order.

1    (4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

2    Court must, without further notice, enter a judgment of dismissal of this action with

3    prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

4    (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

5    civil rights complaint by a prisoner.

6    Dated this 5th day of February, 2014.

7

8

9

10   _____

11                David G. Campbell
                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

|  |  |  |
|---|---|---|
| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this _____ (month, day, year) to:
Name: _____
Address:_____
      Attorney for Defendant(s)
_____
(Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,   )
(Full Name of Plaintiff)            )
                         Plaintiff,  )
                                     )
                vs.                  )   **CASE NO.** _____
                                     )        (To be supplied by the Clerk)
(1) _____ ,      )
(Full Name of Defendant)             )
(2) _____ ,      )
                                     )   **CIVIL RIGHTS COMPLAINT**
(3) _____ ,      )   **BY A PRISONER**
                                     )
(4) _____ ,      )   ☐ Original Complaint
                     Defendant(s).   )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )   ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331, <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:

_____at_____.
(Position and Title)                                                    (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:

_____at_____.
(Position and Title)                                                    (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:

_____at_____.
(Position and Title)                                                    (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:

_____at_____.
(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

      _____.

   b.  Second prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

      _____.

   c.  Third prior lawsuit:
      1.  Parties: _____ v. _____
      2.  Court and case number:  _____.
      3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____

      _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

### D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.  **Administrative Remedies:**
a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution? ☐ Yes  ☐ No
b.  Did you submit a request for administrative relief on Count I? ☐ Yes  ☐ No
c.  Did you appeal your request for relief on Count I to the highest level? ☐ Yes  ☐ No
d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

3

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                                ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?             ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?    ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                                    DATE                                                        SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach
no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you
attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.